**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
**No. 14-050V**
**Filed: July 25, 2014**
**(Not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KELLY R. DYER, Natural Mother and    \*
Guardian for E.D., a minor,    \*
   \*
   \*    Dismissal Decision; Pentacel; MMR;
         Petitioner,    \*    Pneumococcal Conjugate;
v.    \*    Varicella; Hepatitis A; Seizures;
   \*    No expert opinion; Insufficient Proof
SECRETARY OF HEALTH    \*
AND HUMAN SERVICES,    \*
   \*
         Respondent.    \*
   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DECISION[1]**

**Gowen,** Special Master:

On January 23, 2014, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that the Pentacel, Pneumococcal Conjugate, MMR, Varicella and Hepatitis A vaccines caused E.D.'s seizure disorder, staring spells, and developmental regression. The information in the record, however, does not show entitlement to an award under the Program. On July 9, 2014, petitioner moved for a decision dismissing this petition.

To receive compensation under the Program, petitioner must prove either 1) that E.D. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to E.D.'s vaccination, or 2) that E.D. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

did not uncover any evidence that E.D. suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that E.D.'s alleged injury was vaccine-caused.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that E.D. suffered a "Table Injury" or that E.D.'s injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master